IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT HARRIS, | ) | CASE NO. 1:24 CV 1790 |
| | ) | CASE NO. 1:24 CV 1824 |
| Plaintiff, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | |
| CITY OF KIRTLAND, | ) | **MEMORANDUM OF OPINION** |
| | ) | |
| Defendant. | ) | |

*Pro se* Plaintiff Robert Harris brought two actions in this Court to challenge two traffic citations he received in the City of Kirtland, Ohio in October and November 2023. He claims that the City of Kirtland subjected him to an unreasonable search and seizure when its officers stopped him and cited him for driving a vehicle with fictitious plates and refusing to produce identification. He contends that municipalities can only enforce vehicle license and registration statutes on commercial vehicles. He claims he was driving a private vehicle and therefore not subject to these state traffic laws. He claims that the municipal court has no jurisdiction to prosecute him. The Defendant moved to consolidate the cases and filed a Motion to Dismiss (Doc. No. 13).

**Factual and Procedural Background**

Plaintiff's Complaint is difficult to decipher. He was stopped by Kirtland Police on October 19, 2023, and on November 11, 1023 for failing to display a license plate on his personal vehicle. He was charged in October in the Willoughby Municipal Court with driving with

fictitious plates in Case No. 23TRD05547 and with obstructing official business Case No. 23CRB02689. The November traffic stop resulted in charges for driving with fictitious plates in Case No. 23TRD05715 in the Willoughby Municipal Court. At both traffic stops, Plaintiff did not have a properly registered vehicle, and refused to provide identification.

Plaintiff subscribes to the belief that only commercial use of a vehicle can require a license, license plate, and vehicle registration. He contends that there are no license and registration requirements for private vehicles used for private purposes. He claims that when he refused to show his identification, he was arrested and transported to the Kirtland Police Department where his identification was removed from his wallet, his social security number was recorded and fingerprints were taken. He claims he refused to sign the citations "and thereby withheld his signatory authorization until proof of jurisdiction and guilt of any offense could be proven on the administrative record." (Doc. No. 1 at PageID #: 9). He states that no such administrative records of proof have been presented to him. He also claims that the charges were made on the citations "in the stand-alone fictitious name Robert S. Harris." (Doc. No. 1 at PageID #: 10). He claims this is a name created by the State of Ohio on his commercial driver's license. He asserts that "[a]ll actions by the Defendant have been taken against the Plaintiff, Robert Harris, by enforcement of said transportation-traffic citation and its confiscation and use of the fictitious name Robert S. Harris."

Plaintiff alleges that he has persistently challenged the jurisdiction of the Willoughby Municipal Court to hear these cases. He indicates he sought relief in both the Municipal Court and in the Common Pleas Court. The Common Pleas Court referred him back to the Municipal Court. In June 2024, Judge Cicconetti recalled all of the prior court orders, set the cases for

bench trials on September 11, 2024 and October 18, 2024 respectively. He further alleges Judge Cicconetti "barred Robert Harris from appearing as the real party of interest, and thereby demanding him to appear as the fictitious name, Robert S. Harris." (Doc. No. 1 at PageID #: 11-12). Plaintiff refused to appear for trial and Judge Cicconetti issued bench warrants for his arrest in both pending cases.

Plaintiff then filed this action in federal court to contest the legitimacy of his traffic citations and his prosecution in the Willoughby Municipal Court. He indicates he is asserting claims under 42 U.S.C. § 1983 for violations of the Constitution and "legislative acts." (Doc. No. 1 at PageID #: 13). He claims the officers that arrested him were "operating outside the commercial territorial jurisdiction of transportation regulatory codes and statutes regarding [their cities'] geographical boundary limits. [They were] not acting in any official public commercial capacity and thereby trespassed the lawful Fourth Amendment, search and seizure mandates and the commercial transportation legislative jurisdiction of the United States." (Doc. No. 1 at PageID #: 14). He claims that the Willoughby Municipal Court has no jurisdiction to over the criminal cases pending against him.

## Discussion

The comity-based abstention doctrine developed in the Supreme Court case of *Younger v. Harris*, 401 U.S. 37 (1971) prevents federal courts from interfering in pending state-court criminal proceedings, even if there is an allegation of a constitutional violation, unless there is an extraordinary circumstance "where the danger of irreparable loss is both great and immediate." *Younger*, 401 U.S. at 45. The Younger abstention doctrine reflects the strong federal policy against federal interference with state judicial proceedings, and promotes the presumption that

state courts are equally competent at safeguarding federal constitutional rights. *Id. Younger* abstention is not a question of jurisdiction, but is rather based on "strong policies counseling against the exercise of such jurisdiction." *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 626 (1986). The *Younger* abstention doctrine may be raised *sua sponte* by a federal court. *O'Neill v. Coughlan*, 511 F.3d 638, 642 (6th Cir. 2008).

When a person is the target of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir.1988). If the state Defendant files such a case, *Younger* abstention requires the federal court to defer to the state proceeding. *Id*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). Based on these principles, abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the state." *Younger*, 401 U.S. at 44.

All three factors supporting abstention are present. The three criminal cases in the Willoughby Municipal Court are still pending and this Court acknowledges that state court criminal matters are of paramount state interest. *See Younger*, 401 U.S. at 44-45. Plaintiff claims that his traffic stop and detention constitute an unreasonable search and seizure in

violation of the Fourth Amendment. He also challenges the jurisdiction of the state court to prosecute him. These claims go to the heart of the pending state court criminal cases.

The third requirement of *Younger* is that Plaintiff must have an opportunity to assert his federal challenges in the state court proceeding. The pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the federal claims. *Moore v. Sims*, 442 U.S. 415, 430 (1979). The burden at this point rests on the Plaintiff to demonstrate that state procedural law bars presentation of his claims. *Pennzoil Co.*, 481 U.S. at 14. Plaintiff alleges that he "has persistently challenged jurisdiction on the public records of the Defendant, its law offices and the City of Willoughby Court and in injunctive relief actions within the Lake County, Ohio Court of Common Pleas. The Court of Common Pleas returned this action to the Willoughby [Municipal Court]...Robert Harris took this back to Willoughby Municipal Court on June 20, 2024, still challenging jurisdiction." *Harris v. City of Kirtland*, No. 1:24 CV 1790 (N.D. Ohio filed Oct. 15, 2024)(Doc. No. 1 at PageID #: 11). He, however, refused to come to court for trial either on September 11, 2024 or on October 18, 2024. He has an opportunity to present his arguments at trial and in other documents filed in the proper court, but he has refused to participate in the proceedings. He will have another opportunity to assert his claims on appeal if he is convicted. The requirements of *Younger* are met.

Therefore, the Court finds that the *Younger* doctrine applies and requires federal abstention in this case. Because Plaintiff's claims seek only monetary damages, the Court must stay this case until his state-court case (including any appeals) have concluded.

## Conclusion

Accordingly, all proceedings in this case are stayed pending the conclusion of *State of Ohio v. Harris*, No. 23CRB02689 (Willoughby Mun. Ct. filed Oct. 25, 2023), *State of Ohio v. Harris*, No. 23TRD05547 (Willoughby Mun. Ct. filed Oct. 25, 2023), and *Sate of Ohio v. Harris, No.* 23TRD05715 (Willoughby Mun. Ct. filed Nov. 6, 2023), including all appeals. This case is administratively closed, subject to reopening upon written Motion to Reopen filed by Plaintiff demonstrating that the Municipal Court cases listed above and all appeals in those cases have been resolved or concluded. No claims or defenses are waived as a result of the stay. All pending Motions are denied without prejudice to refiling in the event the case is reopened.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: December 19, 2024